UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

DESARONN CHAPMAN and THOMAS MARTIN,

                                    Plaintiffs,

          -against-

THE CITY OF NEW YORK, DETECTIVE DENNIS
FRIENDLY (Shield #2755) and POLICE OFFICERS
JOHN DOE 1-10,

                                    Defendants.

------------------------------------------------------------X

**STIPULATION OF SETTLEMENT AND DISCONTINUANCE**

11 CV 0623 (JG) (RML)

        **WHEREAS,** plaintiff DESARONN CHAPMAN commenced this action by filing a Complaint on or about February 8, 2011, alleging, *inter alia*, violations of his constitutional rights; and

        **WHEREAS,** defendants have denied any and all liability arising out of plaintiff's allegations; and

        **WHEREAS,** defendants served plaintiff with a Rule 68 Offer of Judgment on September 29, 2011;

        **WHEREAS,** plaintiff accepted the Rule 68 Offer of Judgment on or about October 5, 2011;

        **WHEREAS,** plaintiff has authorized counsel to settle this matter on the terms set forth below;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

1. All claims in the above-referenced action asserted by plaintiff DESARONN CHAPMAN are hereby dismissed, with prejudice, and without costs, expenses, or fees except as specified in paragraphs "2," "3," and "5" below.

2. Defendant City of New York agrees to pay plaintiff DESARONN CHAPMAN the sum of TWENTY THOUSAND AND ONE DOLLARS ($20,001.00), plus reasonable attorneys' fees, expenses, and costs, up to the date of the Rule 68 Offer, in full satisfaction of all claims by plaintiff against defendants. In consideration for the payment of this sum, plaintiff agrees to dismissal of all of the claims brought against defendants THE CITY OF NEW YORK, DETECTIVE DENNIS FRIENDLY, Shield No. 2755; and Police Officers John Doe 1-10, and to release all defendants, and any present or former employees and agents of the City of New York or any agency thereof, from any and all liability, claims, or rights of action which were or could have been alleged in this action.

3. Plaintiff has assigned his rights to attorneys' fees, expenses, and costs to his counsel, THE LAW OFFICES OF WALE MOSAKU, P.C.

4. Plaintiff DESARONN CHAPMAN shall execute and deliver to the defendants' attorney all documents necessary to effect this settlement including, without limitation, a General Release based on the terms of paragraphs "2" and "3" above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, plaintiff shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

5. Counsel for plaintiff and defendants will resolve plaintiff's claim for reasonable attorneys' fees, expenses and costs under separate cover and pursuant to a separate stipulation.

6. Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

7. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York.

8. Plaintiff agrees to hold harmless the defendants THE CITY OF NEW YORK, DETECTIVE DENNIS FRIENDLY, Shield No. 2755, and Police Offcers John Doe 1 through 10, regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendants reserve the right to issue a multiparty settlement checks, naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

9. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

| | |
|---|---|
| THE LAW OFFICES OF WALE MOSAKU, P.C.<br>*Attorney for Plaintiff*<br><br>By: _____/s/_____<br>Wale Mosaku, Esq.<br>25 Bond Street, 3rd Floor<br>Brooklyn, NY 11201<br>(718) 243-0994 | MICHAEL A. CARDOZO<br>Corporation Counsel of the City of New York<br>*Attorney for defendants City of New York, and Detective Dennis Friendly*<br><br>By: _____/s/_____<br>Alexis L. Leist<br>Assistant Corporation Counsel<br>Special Federal Litigation Division<br>New York City Law Department<br>100 Church Street, Rm. 3-215<br>New York, New York 10007<br>(212) 788-0971 |
| Dated: New York, New York<br>　　　October 13, 2011 | Dated: New York, New York<br>　　　October 19, 2011 |
| | SO ORDERED: |
| Dated: New York, New York<br><br>　　　_____, 2011 | <br>_____<br>HON. JOHN GLEESON<br>UNITED STATES DISTRICT JUDGE |